# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 21-20354-07 |
| SPOONIE JOHNSON ) | |
| _Defendant_ | |

## ORDER DENYING MOTION FOR REVOCATION OF DETENTION (ECF No. 545) AND DETAINING PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.
**OR**
☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☑ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☑ History of violence or use of weapons
- ☑ History of alcohol or substance abuse
- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties
- ☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☑ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☑ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant consented to detention on June 8, 2021. He is charged in an indictment with racketeering conspiracy, in violation of 18 U.S.C. 1962(d) and conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. 846. As such, there is a presumption in favor of detention. Defendant moved for revocation of the order of detention, and the Government responded. (ECF Nos. 545, 555.) The motion was referred to me for hearing and determination. (ECF No. 557.)  The Court held a hearing on Defendant's motion for revocation on February 14, 2022, and all parties agreed on the record that the hearing should be treated as a detention hearing, since no prior detention hearing had been held. After considering the evidence and arguments from both sides, the Court concludes that Defendant has produced sufficient evidenceto to rebut the presumption in favor of detention; however, for the reasons stated on the record, all of which are incorporated by reference as though fully restated herein, the Court finds by a preponderance of the evidence that no condition or combination of conditions can reasonably assure Defendant's appearance, and by clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of the community, including Defendant's own safety. This evidence was discussed on the record, including but not limited to evidence that Defendant: (1) has a prior conviction for a violent carjacking, kidnapping and first-degree sexual assault, for which he served 20 years of incarceration or supervision, and that he has failed to register as a sex offender for the past five years; (2) has long-standing ties to a nationwide gang since the time he was 15 years old and continuing through the time of his arrest on the instant charges, and in recent years has achieved the highest national rank within the organization; (3) has used multiple aliases for years; (4) is a regular user of controlled substances; (5) was in constant fear of being assassinated by other gang members due to threats made against his life between 2019 and 2021, during which he was twice assaulted and was shot at; (6) was convicted of possession of cocaine (a misdemeanor) in 2019; (7) was heard on a February 2021 Title III wiretap involving the distribution of drugs, including efforts to keep up the source of the drug supply, and on two occasions in or about 2021 offered sample quantity drugs for sale; (8) has failed to appear for court eight times since 2016, including six on misdemeanor criminal matters; and, (9) violently assaulted a security guard who approached him for drinking in a funeral home parking lot in April 2021, causing the victim to require treatment by EMS.  The Court is greatly concerned about not only the danger posed to the community should Defendant be released on bond, but also the danger to himself.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   February 14, 2022

*Judge's Signature*

Anthony P. Patti, U.S. Magistrate Judge
*Name and Title*